NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PARALLEL NETWORKS LICENSING, LLC,**
*Plaintiff-Appellant*

**v.**

**MICROSOFT CORPORATION,**
*Defendant-Appellee*

---

2020-1669

---

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-02073-KAJ-SRF, Circuit Judge Kent A. Jordan.

---

Decided:  January 8, 2021

---

CHRISTOPHER THOR BOVENKAMP, McKool Smith, PC, Dallas, TX, for plaintiff-appellant.  Also represented by LEAH BURATTI, JOHN BRUCE CAMPBELL, JAMES ELROY QUIGLEY, Austin, TX; RAYMOND MITCHELL VERBONCOEUR, Washington, DC.

NITIKA GUPTA FIORELLA, Fish & Richardson, PC, Wilmington, DE, for defendant-appellee.  Also represented by JUANITA ROSE BROOKS, JASON W. WOLFF, San Diego, CA.

---

Before MOORE, HUGHES, and STOLL, *Circuit Judges.*

MOORE*, Circuit Judge.*

Parallel Networks Licensing, LLC, appeals a United States District Court for the District of Delaware order awarding costs under 28 U.S.C. § 1920 to Microsoft Corporation for depositions, documents, and trial exhibits. J.A. 1–3. For the following reasons, we affirm-in-part, vacate-in-part, and remand.

## BACKGROUND

Parallel Networks sued Microsoft in the District of Delaware for patent infringement. The district court granted summary judgment of no indirect infringement, and a jury returned a verdict of no direct infringement.

Microsoft, as the prevailing party, then submitted a bill of costs, declaring $191,130.18 in total taxable costs. It identified $38,421.30 for deposition transcript and recording fees, $8,445.50 for trial transcript fees, $71,708.20 for trial exhibit fees, and $72,555.18 for document production fees. J.A. 1000, 1003. The district court clerk denied the entire bill of costs. J.A. 4–8. Microsoft filed a motion with the district court to review the taxation of costs, and Parallel Networks opposed. The district court granted costs in the amount of $182,684.68, only denying the trial transcript costs. Parallel Networks appeals, disputing $153,775.10 of the $182,684.68 award. Microsoft seeks affirmance of $141,488.28 of the $182,684.68 award: the full award for deposition transcripts and for trial exhibits, and $31,358.78 of the $72,555.18 award for document production. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

As relevant to this appeal, a district court may tax as costs under § 1920: "(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the

case; . . . [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . ." 28 U.S.C. § 1920(2), (4). We review the award of costs under § 1920 according to the law of the regional circuit law, in this case Third Circuit law. *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1374 (Fed. Cir. 2006). Under Third Circuit law, there is a "strong presumption" that costs are to be awarded to the prevailing party, and we review a district court's award of costs for abuse of discretion. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458, 462 (3d Cir. 2000), as amended (Sept. 15, 2000). "Whether a particular expense may be recovered under section 1920 is an issue of statutory construction, subject to *de novo* review." *Summit*, 435 F.3d at 1374.

## A

Parallel Networks disputes $20,388.50 of the $38,421.30 the district court awarded Microsoft for deposition costs. It argues that the district court lacked statutory authority to grant the following costs:

- Realtime transcription ($2,793);

- Laptop fees ($180);

- Litigation package fees ($275);

- Rough transcripts ($3,931.20);

- Certified Early Transcripts ($2,190.60);

- Video services and "video extended" fees ($5,263.75); and

- Exhibits ($5,754.95).

In taxing all deposition costs against Parallel Networks, the district court explained, "[a]s to the fees for deposition transcripts and deposition recordings . . . [Parallel Networks'] argument is solely that Microsoft was not specific enough in its justification under [Delaware] Local Rule

54.1.  But, having seen at trial and in motions practice that discovery record has been put to good use, and concluding that the depositions have aided in the resolution of material issues, I order the taxation of the deposition costs." J.A. 1–2 (citing § 1920(2)).  The district court did not address, however, Parallel Networks' argument that the costs delineated above are not taxable.  *See* J.A. 1231, 1233.

Section 1920 permits the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  The district court's analysis addressed "deposition transcripts and deposition recordings" but then ordered the taxation of "the deposition costs."  Microsoft argues that because the depositions themselves were necessary, it should be entitled to all of the challenged costs, even costs which can be fairly characterized as convenience, not necessary, costs such as realtime transcription or early transcripts.  And it is entirely unclear what the fees delineated as laptop fees and litigation package fees even are much less whether they were necessary for the printed or recorded transcript of any deposition.  It is not enough that the depositions themselves were "necessary," § 1920(2) allows only for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  We thus vacate and remand for the district court to consider whether these fees are the type that the Third Circuit would agree constitute fees for printed or electronically recorded transcripts or whether such convenience fees are beyond the scope of taxable costs.

B

The district court granted Microsoft's $71,708.20 in costs for trial exhibits.  Parallel Networks does not dispute that fees for trial exhibits are taxable under § 1920(4).  Instead, Parallel Networks reiterates the arguments it made to the district court that (1) Microsoft provided insufficient detail to assess the necessity of printing close to 650,000 pages of trial exhibits and (2) that costs for labels and

folders for those exhibits are not taxable. Microsoft responds by pointing to Ronald P. Golden III's Declaration in Support and Verification of Microsoft's Bill of Costs, which attached an invoice for the $71,708.20 amount, and which explained that the amount represented the costs for printing trial exhibits and the labels and folders associated with those exhibits. J.A. 1021, 1201.

Trial exhibit copies and their associated folders and labels are taxable costs. *See* § 1920(4); *see also, e.g.*, *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1368 n.3 (Fed. Cir. 2011) (it would not be an abuse of discretion to award costs for tabs and folders if "related to categories of documents as to which the recovery of reproduction costs under section 1920(4) is appropriate"). Given that these types of costs are taxable under § 1920(4), we review the district court's award of these costs for abuse of discretion. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167–68 (3d Cir. 2012). Contrary to Parallel Networks' argument, there is no statutory requirement that copies be admitted at trial in order to recover costs for those copies. *See* § 1920(4); *see also In re Ricoh*, 661 F.3d at 1367 (applying Ninth Circuit law) (section 1920(4) "does not require . . . that the copies actually be used in the case or made part of the record."). Because the invoice attached to the Golden Declaration seems to be reasonably consistent with a commercial exhibit printing order, the district court acted within its discretion in taxing these costs in what it deemed to be a complex patent litigation.

C

Microsoft only seeks affirmance of $31,358.78 of the $72,555.18 the district court awarded for document production costs. Parallel Networks agrees that $10,876.78 of the $31,358.78 amount is recoverable as costs for entries in Exhibit 36 to the Golden Declaration titled "Ebates," "Electronic Bates Number or POD," "Native Conversion to TIFF/PDF," and "OCR Processing." Microsoft explains

that the remaining $20,482.00 represents the total amount of "Production – Image Conversion and Export" entries in Exhibit 36 to the Golden Declaration.  J.A. 1122–1191.  Despite agreeing that costs such as "Native Conversion to TIFF/PDF," and "OCR Processing" are taxable, Parallel Networks argues that "Production – Image Conversion and Export" costs are not taxable as "costs of making copies" under 28 U.S.C § 1920(4).  We do not agree.

The Third Circuit has held that "scanning and conversion of native files to the agreed-upon format for production of ESI constitute 'making copies of materials'" under 28 U.S.C. § 1920(4).  *Race Tires*, 674 F.3d at 167.  Because these costs are taxable under § 1920(4) and are reasonably supported by the Golden Declaration, we see no abuse of discretion in the district court's award of $31,358.78, which includes the "Production – Image Conversion and Export" costs.[1]

## CONCLUSION

Because the district court did not abuse its discretion in its award of the trial exhibit costs and the document production costs, we affirm-in-part.  We vacate-in-part the district court's award of the challenged deposition costs and remand for a determination of whether these costs were "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

---

[1]    Parallel Networks argues that Microsoft has not shown that the disputed $20,482 was part of the district court's $72,555.18 award.  A review of Exhibit 36 shows a net total of $72,555.18 for all of the itemized entries, including the "Production – Image Conversion and Export" entries.  J.A. 1191.  It is clear, therefore, that the $20,482 was part of the district court's award.

PARALLEL NETWORKS LICENSING v. MICROSOFT                    7
CORPORATION

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED